(Hamilton Common Pleas, November, 1893.)

## SIEVERT v. MULLER.

*Right to give away property to the extent of making donor destitute—*

A person is under no legal constraint from giving away his property to such an extent as to render himself destitute.

---

### BATES, J.

The plaintiff is an old lady over eighty-one years of age, whose property was a few hundred dollars in bonds and a little frame house on Findlay street. She had made a deed of the house, reserving a life estate in herself, to her two grandchildren, a boy of about sixteen and a girl who is of age, both of whom had been brought up by her from infancy and had been dutiful children and always brought her their wages. She now seeks to have the deed set aside. The old lady had made a will in their favor in order that their mother, her daughter, whose habits were not good and who had not brought up the children, should not inherit. But the daughter having threatened to attack the will, the old lady, in order to make the disposition safer, made this deed without suggestion from the children and after consultation with her lawyer, to whom she gave careful instructions, her mind being apparently clear. The daughter was married about a month after the deed to a man who possessed the grandmother's confidence and had been her adviser.

The court has felt a good deal of responsibility in this case, owing to its importance to the old lady, should she become destitute; yet, assuming the "relations of the parties to be fiduciary, and treating her as the ward, and therefore scrutinizing the transaction jealously and applying the rule that a fiduciary gaining a personal benefit in a transaction has the burden to prove absence of improper influence, etc., and a clear understanding of the facts by the trusting party (Berkmeyer v. Ketter-

man, 32 Ohio St., 239), yet the evidence exonerates the grantees from all reproach and even participation in the transaction.

Plaintiff's counsel wittily urge that when a patient voluntary takes poison, the doctor app ies the stomach pump, and the court should not refuse analagous relief. In Louisana and England, by statute, a person cannot give away his property to an extent leaving him destitute. But the law elsewhere is otherwise, and there is no recognized ground in equity jurisprudence on which this deed can be annulled on this evidence. See Faurot v. Neff, 32 Ohio. St., 44.) Doubtless, the insertion of a reciprocal obligation to support the grantor, as a consideration and condition, would have been suitable. But if the deed could have been rescinded merely because of a change of mind and because of possible indigence, there is nothing to prevent the grantor again changing and making the same or a worse disposition and again asking rescission of that.

On the other hand, the gift was not causa mortis, rescindable on recovery, yet it was made when the old lady did not expect to live long, and her declared purpose was testamentary. The grantees have given nothing for it. and are not the heirs and owe her for their bringing up. Her dominant thought was their welfare, and this crowded out a realization of consequences to herself. Their fear of the mother's influence may justify an unwillingness to reconvey. But they should remember that a court might, on slightly additional evidence, grant a petition requiring them to hold the reversion in trust for the old lady's relief, if she becomes indigent. Should they do this voluntarily, it would protect the title in them, and relieve her. But the court cannot see any way to annul the deed on this evidence.

Gasser & Spangenberg, for Plaintiff.

F. S. Spiegel, for Defendants.